UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEL MAHMOUD, JR., <br><br> Plaintiff, <br><br> v. <br><br> SELECT PORTFOLIO, INC., et al., <br><br> Defendants. | Case No. 3:17-cv-00568-MEJ <br><br> **ORDER RE: MOTION TO DISMISS** <br><br> Re: Dkt. No. 8 |

## INTRODUCTION

Pending before the Court is Defendants'[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff Adel Mahmoud filed an Opposition (Dkt. No. 13) and Defendants filed a Reply (Dkt. No. 20). The Court previously vacated the hearing on the matter. Dkt. No. 30. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion for the following reasons.

## BACKGROUND

Around May 13, 2005, Plaintiff entered into a consumer credit transaction with Argent and obtained a $407,000.00 purchase money mortgage loan secured by residential property located at 6305 Jerilyn Avenue, San Pablo, California (the "Property"). Compl. ¶ 13, Dkt. No. 1. The Deed

---

[1] Defendants Select Portfolio Servicing, Inc. ("Select Portfolio" or "SPS") and Wells Fargo Bank, N.A. as Trustee for the Certificate Holders of Asset-Backed Pass-Through Certificates, Series 2005-WCW3 ("Wells Fargo" or "Wells Fargo Bank") filed the Motion. Defendants Ameriquest Mortgage Co. and Argent Mortgage Company ("Argent") joined in the Motion. *See* Joinder, Dkt. No. 9. Defendant Park Place Securities, Inc. ("Park Place") is alleged to be the depositor who purchased Plaintiff's mortgage and sold the loan to a certificate holder for which Well Fargo acted as Trustee. Compl. ¶ 6. Park Place did not respond to the Complaint, and the Clerk of the Court entered default as to that defendant on April 6, 2017. *See* Entry of Def., Dkt. No. 19. The parties jointly have represented to the Court that "Counsel for Ameriquest informed Plaintiff's counsel that [Park Place] is an affiliate of Ameriquest . . . [and] would agree to abide by any judgment entered between the other parties on the quiet title and declaratory relief claims because it holds no interest in the loan or property . . . ." Jt. Case Mgmt. Stmt. at 1, Dkt. No. 32.

of Trust ("DOT") identified Plaintiff as the Trustor/Borrower, Argent as the Lender, and Town & Country Title Services, Inc., as the Trustee. *Id.*; *id.*, Ex. 1 (DOT); *see also* Request for Judicial Notice ("RJN"), Ex. 1 (DOT), Dkt. No. 8-2. The DOT included a provision requiring Plaintiff to maintain fire insurance coverage on the Property. DOT ¶ 5. Additionally, the DOT advised the Note could be sold repeatedly without notice to the Borrower, which could result in changes to the Loan Servicer responsible for collecting the Note payments. *Id.* ¶ 20.

Argent, as lender and beneficiary, executed a Substitution of Trustee and Assignment of the DOT conveying all beneficial interest to Wells Fargo and replacing the DOT's Trustee, Town & Country Title Services, Inc., with Recontrust Company. *Id.*, Ex. 2 (Sub. of Trustee-2008). On October 8, 2008, it was recorded. *Id.* ¶ 25. On August 6, 2011, Argent transferred a Corporation Assignment of Deed of Trust to Wells Fargo, which conveyed all beneficial interest to Wells Fargo and mirrored the Substitution and Assignment transfer made by Argent in 2008. *Id.*, Ex. 3 (Corp. Assignment of DOT). Reflecting the Substitution Assignment executed in 2008, on August 6, 2011, Argent completed a Substitution of Trustee naming Recontrust as Trustee. *Id.* ¶ 25; RJN, Ex. 7 (Sub. of Trustee-2011).

Two Notices of Default and three Notices of Sale were recorded on the Property between 2008 and 2011. Compl., Ex. 2 (Sub. of Trustee-2008); RJN, Exs. 4, 8, 9, 11. On November 13, 2013, Wells Fargo's servicing agent SPS executed a Substitution of Trustee appointing and substituting National Default Servicing Corporation as Trustee under the Deed of Trust. RJN, Ex. 10 (Sub. of Trustee-2013).

On or around December 18, 2012, a massive fire severely damaged Plaintiff's residence, forcing him to evacuate and relocate. Compl. ¶ 33. Plaintiff notified his insurance carrier and filed a claim for damages to his residence and personal belongings, and for preliminary relocation costs. *Id.* ¶ 34. On February 5, 2014, in order to ensure the fire insurance proceeds were used to repair the property, Select Portfolio filed an action against Plaintiff and his insurance company, Pacific Specialty Insurance. *Id.* ¶ 36. Pacific Specialty Insurance issued payments to Plaintiff and Select Portfolio in the amount of $104,164.59. *Id.* ¶ 37. With the understanding that the funds would be disbursed solely for repairing the damaged property, Plaintiff endorsed and delivered the

2

insurance check to Select Portfolio to hold the funds in trust. *Id.* ¶ 38.

On December 31, 2014, Plaintiff and Select Portfolio entered into a binding settlement agreement that included a disbursement schedule for the insurance funds. *Id.* ¶¶ 38-39. Plaintiff alleges Select Portfolio failed to disburse any of the insurance funds to repair the Property. *Id*. ¶¶ 39-40. In February of 2015, the two parties reaffirmed the release of the funds for construction to commence within a week. *Id*. ¶ 41. Again, Plaintiff alleges Defendants did not release any funds for reconstruction of the Property. *Id*.

On February 3, 2017, Plaintiff filed this action seeking equitable relief, declaratory relief, and damages. *Id.* ¶ 1. Plaintiff asserts nine causes of action: (1) Breach of Contract, (2) Breach of Covenant of Good Faith and Fair Dealing, (3) Breach Fiduciary Duty, (4) Unjust Enrichment, (5) Money Had and Received, (6) Promissory Fraud, (7) Slander of Title, (8) Quiet Title, and (9) Declaratory Relief. *Id.* ¶¶ 43-101.

## REQUEST FOR JUDICIAL NOTICE

Defendants ask the Court to take judicial notice of twelve documents: (1) the DOT (RJN, Ex. 1); (2) the Notice of Default recorded June 6, 2008 (*id.*, Ex. 2); (3) the Substitution of Trustee and Assignment of Deed of Trust recorded on October 8, 2008 (*id.*, Ex. 3); (4) the Notice of the Trustee's Sale recorded on October 8, 2008 (*id.*, Ex. 4); (5) the Notice of Recession of Declaration of Default recorded on October 1, 2010 (*id.*, Ex. 5); (6) the Corporation Assignment of Deed of Trust recorded August 9, 2011 (*id.*, Ex. 6); (7) the Substitution of Trustee recorded on August 9, 2011 (*id.*, Ex. 7); (8) the Notice of Default recorded on August 9, 2011 (*id.*, Ex. 8); (9) the Notice of Trustee's Sale recorded on November 14, 2011 (*id.*, Ex. 9); (10) the Notice of Substitution of Trustee recorded on November 18, 2013 (*id.*, Ex. 10); (11) the Notice of Default and Election to Sell Under Deed of Trust recorded on November 18, 2013 (*id.*, Ex. 11); and (12) a Settlement Agreement and Release of Claims between Defendants and Plaintiff regarding the Property ("Settlement") (*id.*, Ex. 12).

Plaintiff does not object to the Court's taking judicial notice of these Exhibits. *See* Opp'n to RJN, Dkt. No. 14. Plaintiff also does not object to the Court's taking of judicial notice of any purported adjudicative facts Defendants have claimed, or will claim, originating from these

documents. *Id.*

The Court may take judicial notice of facts that are not subject to reasonable dispute because they: (1) are generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . but a court may not take judicial notice of a fact that is subject to reasonable dispute.")

Exhibits 1-11 are judicially noticeable because they are matters of public record and because their accuracy can be readily determined by resorting to sources whose accuracy cannot reasonably be questioned. *See Almutarreb v. Nationstar Mortg. Holdings*, 2016 WL 3384067, at *2 (N.D. Cal. June 20, 2016) ("[P]ublicly-recorded real estate instruments and notices, including deeds of trust and default and foreclosure notices, are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute."); *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015) (taking judicial notice of recorded deed of trust, recorded assignments of deed of trust, recorded notice of default, and recorded notice of trustee's sale). The Court takes judicial notice of the existence of Exhibits 1-11, but not of the truth of their contents.

Additionally, the Court may consider Exhibit 12 because Plaintiff incorporates this document by reference in the Complaint. Compl. ¶¶ 46-49. On a motion to dismiss, the Court may consider documents that are not attached to the Complaint under the incorporation by reference doctrine where the Complaint specifically references the documents and no party questions their authenticity. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Plaintiff does not dispute the authenticity of the document. The Court accordingly takes judicial notice of Exhibit 12.

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

4

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

Defendants move to dismiss each of the claims set forth in the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff fails to state a claim for which relief can be

5

1  granted. The Court addresses the sufficiency of each claim in turn.

**A.  Breach of Contract (Wells Fargo and SPS)**

Plaintiff alleges an unspecified "defendant" entered into a binding settlement agreement related to the insurance settlement fund that was delivered to SPS (Compl. ¶¶ 39, 46), and that an unspecified "defendant" breached its obligations under the Settlement by failing and refusing to pay for the construction repairs to Plaintiff's Property (*id*. ¶ 49).

"Under California law, to state a claim for breach of contract a plaintiff must plead the contract, plaintiff's performance (or excuse for nonperformance), defendant's breach, and damage to plaintiff therefrom." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1028 (N.D. Cal. 2012) (internal quotation marks omitted). "A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006); *accord Haskins v. Symantec Corp.*, 2013 WL 6234610 at \*10 (N.D. Cal. Dec. 2, 2013). "In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." *McKell*, 142 Cal. App. 4th at 1489.

Plaintiff's breach of contract claim fails because he does not specify which defendant, Wells Fargo or Select Portfolio, entered into a binding settlement agreement with him, nor which defendant breached the Settlement.

In addition, Plaintiff fails to state a breach of contract claim because he neither attaches nor pleads in detail the Settlement; he instead alleges that the confidentiality clause provided in the Settlement does not permit him to provide the Agreement or allow him to disclose its specific terms. Compl. ¶ 48. But Defendants provide the Settlement as part of its RJN, and Plaintiff does not contest its filing in the public docket. Moreover, a review of the Settlement shows the parties may disclose its terms in any action asserting breach of contract or where necessary to enforce the terms of the Agreement. *See* Settlement ¶ Q. Given that Plaintiff asserts a breach of contract and as Plaintiff does not dispute the applicability of this term of the Settlement Agreement in the instant case, the Court finds the confidentiality provision does not preclude Plaintiff from

6

providing the necessary facts.  Plaintiff nevertheless argues he states a claim for breach of contract because he pleads the legal effect of the contract.  Opp'n at 6 (citing *Melendez v. U.S. Bank Nat'l Ass'n*, 2016 WL 446528, at *4 (C.D. Cal. Feb. 2, 2016)).  To plead the legal effect of an agreement, a party must "'allege the substance of its relevant terms.'"  *Melendez*, 2016 WL 446528, at *4 (quoting *McKell* , 142 Cal. App. 4th at 1489).  This approach "'is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions.'"  *Id.* (quoting *McKell*, 142 Cal. App. 4th at 1489).  Where a plaintiff relies on pleading the legal effect of a contract, "'dismissal of a breach of contract claim is inappropriate when a plaintiff's interpretation of the contractual terms is sufficiently detailed, and that interpretation is not rebutted by the defendant's attachment of the disputed contract.'"  *Id.* (quoting *Valdez v. JP Morgan Chase Bank, N.A.*, 2012 WL 995278, at *6 (C.D. Cal. Mar. 20, 2012) (applying California law)).

Plaintiff does not adequately plead the legal effects of the contract.  *Melendez*, 2016 WL 446528, at *4–5.  Plaintiff does not plead a careful analysis of the instrument; instead, he pleads only generalities and legal conclusions.  *See* Compl. ¶¶ 46-50; *Melendez*, 2016 WL 446528, at *4.  Because Plaintiff does not carefully analyze the Settlement Agreement or sufficiently describe the contract terms, he does not meet the legal effects standard for stating a breach of contract claim.  *See Melendez*, 2016 WL 446528, at *4.

In addition, Plaintiff does not sufficiently plead the other elements for a breach of contract claim: he does not allege facts showing how he performed his contractual duties, how Defendants breached those duties, or how Defendants' breach caused Plaintiff damages.  Compl. ¶¶ 46-50.  Without such facts, his allegations are merely conclusory, especially given the Settlement Agreement allows SPS to hold and disburse funds in accordance with its internal guidelines and procedures, and provides for multiple draws at different steps of the repair process, and on the conditions such disbursement on Plaintiff not defaulting on a loan modification agreement, on no sale of the property being scheduled.  *See* Settlement ¶ F.

Because Plaintiff does not plead sufficient facts to establish a breach of contract claim, the Court DISMISSES this claim.  But as Plaintiff possesses the Settlement and therefore has the

ability to assert the requisite facts, the Court does so with leave to amend.

## B. Breach of Covenant of Good Faith and Fair Dealing (Wells Fargo and SPS)

California law implies in every contract the covenant of good faith and fair dealing. *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (2000). The implied covenant prevents one of the contracting parties from unfairly frustrating the other party's right to receive the benefits of the agreement. *Id.* "A claim for breach of the implied covenant of good faith and fair dealing requires the same elements [as a claim for breach of contract], except that instead of showing that defendant breached a contractual duty, the plaintiff must show, in essence, that defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting." *Levy v. JP Morgan Chase*, 2010 WL 4641033, at *3 (S.D. Cal. Nov. 5, 2010) (applying California law).

First, the Court already found Plaintiff fails to sufficiently state a claim for breach of contract. Because a claim for breach of the implied covenant of good faith and fair dealing requires the same elements as a breach of contract claim—plus a showing that Defendants deprived Plaintiff of a benefit conferred by the contract—his claim for beach of the covenant of good faith and fair dealing also fails. *See id.* at *3.

Second, Plaintiff fails to sufficiently allege that Defendants deprived him of a benefit in violation of the Settlement, and that he incurred damages as a result of the breach. *Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1250 (N.D. Cal. 2014); *Levy*, 2010 WL 4641033, at *3. Plaintiff merely alleges

> Defendant[s] have acted in bad faith by not giving equal consideration to the interests of Plaintiff as they have their own interests . . . . by denying [] the benefits [to] which plaintiff is entitled under the contract. Defendants did no[t] disburse the insurance proceed held on plaintiff's behalf and did not even communicate with plaintiff why the funds were not disbursed.

Compl. ¶ 54. As a result, "Defendants['] breach of the covenant of good faith . . . ha[s] proximately and directly caused damages to plaintiff." *Id.* ¶ 55. But Plaintiff does not provide or set out the contract terms, establish that he performed his contractual duties, show that Defendants deprived him of a benefit conferred by the contract, or show how he suffered damages as result of

8

the breach. Without such facts, Plaintiff's allegations that Defendants denied Plaintiff his benefits in bad faith are conclusory.

The Court therefore DISMISSES Plaintiff's claim for breach of the implied covenant of good faith. Because it is not clear Plaintiff cannot allege the requisite facts, the Court GRANTS Plaintiff leave to amend.

**C.      Breach of Fiduciary Duty (Wells Fargo and SPS)**

The elements for a breach of fiduciary duty are: (1) existence of a fiduciary duty, (2) breach of the fiduciary duty, and (3) damages proximately caused by the breach. *Tribeca Cos., LLC v. First Am. Title,* 239 Cal. App. 4th 1088, 1114 (2015). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). "A commercial lender is entitled to pursue its own economic interests in a loan transaction. This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf or for the benefit of another." *Id*. at 1093 n.1. The trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust. [The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." *Heritage Oaks Partners v. First Am. Title Ins. Co.*, 155 Cal. App. 4th 339, 345 (2007) (quoting *Vournas v. Fidelity Nat'l Title Ins. Co.*, 73 Cal. App. 4th 668, 677 (1999)). "[A]ny breach of fiduciary duty claim is subject to dismissal because . . . mortgage lenders . . . have no fiduciary duty to plaintiff, absent special circumstances." *Fortaleza v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1025 (N.D. Cal. 2009) (applying California law).

Plaintiff alleges that Wells Fargo and Select Portfolio breached their fiduciary duty to Plaintiff when they failed to handle the fire insurance funds as a trust fund and failed to ensure the funds availability to repair the property with proper accounting. Compl. ¶¶ 58-60. Defendants argue they owed no fiduciary duty to Plaintiff; they further argue Plaintiff does not allege any

9

actual breach or damages, and provides no factual support for his allegations. Mot. at 7-8.

As a matter of law, a fiduciary relationship does not exist between a lender and borrower except under special circumstances. *Fortaleza*, 642 F. Supp. 2d at 1025. Plaintiff does not plead sufficient facts establishing the existence one of those special circumstances. Compl. ¶ 59. Plaintiff alleges Defendants owed him a fiduciary duty because they are "holder[s] of the insurance fund specifically designated for repair of Plaintiff's fire damaged residence." *Id.* Plaintiff claims that Defendants breached their fiduciary duty because "they failed to arrange for Plaintiff[']s[] funds to be handled as a trust fund would be handled and ensure that the funds would be available for repair of th[e] fire damaged [] residence with proper accounting." *Id.* ¶ 60. Yet, Plaintiff does not allege facts showing Defendants exceeded the scope of their conventional roles and owed Plaintiff a fiduciary duty. *Id.* ¶¶ 57-62. Moreover, even though Plaintiff argues a fiduciary duty may be undertaken by agreement (Opp'n at 8-9), he does not plead facts showing that Defendants owed him a fiduciary duty pursuant to any agreement. *See* Compl.

Because Plaintiff does not establish that Defendants owed him a fiduciary duty, the Court DISMISSES the breach of fiduciary claim with leave to amend, provided he can allege specific facts showing a fiduciary relationship.

### D. Unjust Enrichment and Money Had and Received (Wells Fargo and SPS)

Plaintiff's Fourth and Fifth causes of action are quasi-contract claims for unjust enrichment and money had and received. *See* Compl. ¶¶ 63-69. "[A] plaintiff may not maintain quasi-contract claims such as unjust enrichment, money had and received, and money paid 'if the parties have an enforceable agreement regarding a particular subject matter.'" *Allen v. Hylands, Inc.*, 2012 WL 1656750, at *5 (C.D. Cal. May 2, 2012) (quoting *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012)); *Langley Partners, L.P. v. Tripath Tech., Inc.*, 2006 WL 563053, at *7 (N.D. Cal. Mar. 7, 2006) (finding that plaintiff could not bring a "legally feasible" claim for unjust enrichment or money had and received because the parties had a valid and enforceable contract). To prevail on a claim for money had and received, a plaintiff must show "unjust enrichment of the wrongdoer, and in order for plaintiff to recover in such action []he must show that a definite sum, to which []he is justly entitled, has been received by defendant." *Walter v.*

10

*Hughes Comm., Inc.*, 682 F. Supp. 2d 1031, 1047 (N.D. Cal. 2010) (applying California law) (internal citations and quotations omitted).

Plaintiff bases his claim for unjust enrichment on all earlier allegations in the Complaint, and alleges Defendants were unjustly enriched by said acts and omissions and should be required to disgorge all monies, profits, and gains. *Id*. ¶¶ 63-65. He bases his claim for money had and received on Defendants' failure to disburse money for construction repairs, despite the fact that on or around January 2015, Defendants received a check for $104,164.59 intended to cover said repairs to the Property. Compl. ¶ 67.

The Court finds Plaintiff fails to state either claim. Plaintiff alleges there is a binding settlement agreement. Compl. ¶ 11 ("There is a ripe controversy between plaintiff and defendant as defendant refuses to honor the terms of a binding settlement agreement."); *see* Opp'n at 10 (arguing Defendants "took control of insurance proceeds . . . and promised to disburse those proceeds to the Plaintiff in three incremental payments pursuant to the Settlement Agreement."). Plaintiff thus alleges the existence of an enforceable contract governing disbursement of the funds. He cannot succeed on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter. "A plaintiff may not . . . pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter." *Klein*, 202 Cal. App. 4th at 1388 (while a plaintiff may plead inconsistent claims alleging both the existence of an enforceable agreement and its absence, but fails to do so where the "plaintiff's breach of contract claim plead[s] the existence of an enforceable agreement and their unjust enrichment claim d[oes] not deny the existence or enforceability of that agreement."); *see also Tsai v. Wang*, 2017 WL 2587929, at *7-8 (N.D. Cal. June 14, 2017) (plaintiff may plead alternative claims, but "may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid." (citing *Klein*)). As in *Klein*, Plaintiff pleads the existence of a contract, but fails to deny its existence or enforceability in the Complaint, or plead facts suggesting the contract is unenforceable or invalid. *See* Compl. ¶¶ 63-69. As such, he fails to state any quasi-contractual claim.

As such, the Court DISMISSES Plaintiff's claims for money had and received and unjust enrichment with leave to amend.

### E. Promissory Fraud (Wells Fargo and SPS)

"'Promissory fraud' is a subspecies of fraud which permits a plaintiff to state a cause of action in tort when a defendant fraudulently induces him to enter into a contract." *Richardson v. Reliance Nat'l Indem. Co.*, 2000 WL 284211, at *4 (N.D. Cal. Mar. 9, 2000) (citation omitted). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see Richardson* (applying Rule 9 to promissory fraud claim). Furthermore, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Essentially, "[w]hile mere failure to perform on a contract does not constitute fraud, a promise made without the intention to perform can be actionable fraud." *Id.* (citations omitted).

Plaintiff alleges that at the time of entering into the Settlement Agreement, Wells Fargo and Select Portfolio made false promises to him, including that the insurance funds would be held for the repair of Plaintiff's residence and that these funds would be disbursed promptly in installments. Compl. ¶ 71. Plaintiff claims that when Defendants entered into the contract, they had no intention of disbursing the repair funds. *Id.* Defendants contend that Plaintiff's claim for promissory fraud is unclear and seems to allege a claim of "fraud." Mot. at 8.

Plaintiff does not state with particularity the circumstances showing promissory fraud. *See* Compl. ¶¶ 71-74. Plaintiff fails to identify which Defendants fraudulently misrepresented what facts to him. *Id.* ¶¶ 70-74; *see Kearns*, 567 F.3d at 1124. Nor does Plaintiff adequately plead intent: his assertion that Defendants had no intention to disburse the insurance money at the time they entered into the contract at issue is conclusory; he offers no facts showing how he knows this to be true. *See* Compl. "Simply pointing to Defendant[s'] alleged failure to perform under the parties' agreement is insufficient to establish Defendant[s'] fraudulent intent." *Tsai*, 2017 WL 2587929, at *5. Plaintiff offers no facts to show Defendants' promises were false when they made them. *See* Compl.

1    Accordingly, the Court DISMISSES Plaintiff's claim for promissory fraud with leave to
2    amend.

### F.     Slander of Title (Wells Fargo and SPS)

To state a claim for a slander of title, a plaintiff must show (1) a publication, which is (2) without privilege or justification, (3) false, and (4) causes direct and immediate pecuniary loss. *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009). "Under California Civil Code § 2924(d), recording notices of default and trustee sale are privileged acts. [] Such acts cannot form the basis of a tort claim, including slander of title unless malice is alleged." *Cox v. Old Republic Nat'l Title Ins. Co.*, 2016 WL 301974, at *14 (N.D. Cal. Jan. 25, 2016) (internal citation omitted). "'[F]ailing to rescind [the notices] is no less privileged, flowing as it does from the statutorily protected act of the recording.'" *Id.* (quoting *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 343 (2008)).

Plaintiff alleges a slander of title claim based on "the preparing, positing, publishing, and recording of documents previously described herein, including but not limited to, Substitution Trustee." Compl. ¶ 76. Plaintiff alleges that because Wells Fargo and Select Portfolio disparaged and slandered his property title, a cloud was placed on the title and he suffered and continues to suffer damages as a result. *Id.* ¶ 78.

Plaintiff does not plead the necessary elements to establish a slander of title claim. Under California Civil Code section 2924(d), recording notices of default and trustee sale are privileged acts. Because Plaintiff does not allege a false publication (which would not be privileged), he fails to plead the elements for slander of title. Also, although Plaintiff alleges "[he] has suffered and continues to suffer, damages in an amount to be proved at trial" (Compl. ¶ 78), he does not plead plausible facts to establish direct and immediate pecuniary loss from the slander. It is unclear to which expenses Plaintiff refers when he alleges that "as a . . . result of Defendants' conduct, Plaintiff has incurred and will incur[] expenses in order to clear title to the Property. Moreover, these expenses are continuing and Plaintiff will incur additional charges for such purpose until the cloud on [his] title to the property has been removed." *Id.* ¶ 79. To the extent Plaintiff refers to damages caused by Defendants' failure to rescind the notices, he cannot premise his claim on such

conduct: such inacation is privileged because it "flow[s] . . . from the statutorily protected act of the recording." *Cox*, 2016 WL 301974, at *14 (quoting *Kachlon*, 168 Cal. App. 4th at 343).

As such, Plaintiff fails to sufficiently plead the facts for a slander of title claim. The Court DISMISSES this claim with leave to amend, provided Plaintiff can plead acts that occurred within the relevant statute of limitations.

### G. Quiet Title (All Defendants)

California Code of Civil Procedure section 761.020 mandates that a "verified" complaint for quiet title must include: (1) a legal description and street address of the subject of real property; (2) the title of plaintiff as to which determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. In addition, a quiet title claim usually requires plaintiffs to allege that they are "the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) (applying California law); *see also Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee.").

Plaintiff alleges that no Defendant has a right to the estate, title, lien, or interest in or to any part of the Property. Compl. ¶ 86. Defendants challenge Plaintiff's quiet title claim because he fails to plead sufficient facts to support this claim and because Plaintiff has not "perfected his interest in fee simple to the Property." Mot. at 9, 16.

Plaintiff does not plead facts showing he satisfied his obligation under the DOT. *See Kelley*, 642 F. Supp. 2d at 1057.

Because Plaintiff has not properly pled the elements for a quiet title action, the Court DISMISSES this claim with leave to amend.

### H. Declaratory Relief (All Defendants)

"A claim for declaratory relief is not a stand-alone claim, but rather depends upon whether or not Plaintiff states some other substantive basis for liability." *Stewart v. Screen Gems-EMI*

*Music, Inc.*, 81 F. Supp. 3d 938, 968 (N.D. Cal. 2015) (quoting *Nguyen v. JP Morgan Chase Bank*, 2012 WL 294936, at *3-4 (C.D. Cal. Feb. 1, 2012) (applying California law)); s*ee Glue–Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 (2000) (as equitable forms of remedies depend on "a substantive basis for liability, they have no separate viability" if plaintiff's other causes of action fail).

Plaintiff alleges that an actual controversy exists between himself and Defendants about "their respective right[s] and duties regarding the Note and Deed of Trust." Compl. ¶ 92. Plaintiff also alleges that no Defendant had the "authority to file a Substitution of Trustee, receive any mortgage payment, undertake[] any action adversely impacting [P]laintiff's estate or record any lien." *Id.* ¶ 93. Defendants argue that Plaintiff's declaratory relief claim fails because it is duplicative of and is based on Plaintiff's other insufficient claims. Mot. at 16.

The Court has dismissed all of the substantive claims alleged in the Complaint. Because a claim for declaratory relief cannot stand alone, at this point, his cause of action for declaratory relief has no "separate viability" and also must fail. *Glue–Fold, Inc.*, 82 Cal. App. 4th at 1023. Thus, the Court DISMISSES Plaintiff's claim for declaratory relief.

## CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss **WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint by August 21, 2017.

**IT IS SO ORDERED.**

Dated: August 7, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

15